UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO
BEFORE HONORABLE DANIEL R. DOMINGUEZ

**MINUTES OF PROCEEDINGS**     DATE: April 12, 2000

**CIVIL NO. 96-2499 (DRD)**

===========================================================================

HOMESHIELD INDUSTRIES     Attorneys:     Henry Smyler by phone

  Plaintiff

  v.

FRANCISCO PACHECO CORTES et al

  Defendant

===========================================================================

Status conference was scheduled for today yet nobody appeared on behalf of Mr. or Mrs. Pacheco Cortes. Plaintiff is, therefore, advised to move for entry of default against Defendants. The Court notes that this will be the second time that default will be entered against Defendants. On the first occasion, the Court vacated the entry of default providing Defendants with an opportunity to see the case on the merits. Defendants, however, have again failed to comply with Court Orders, hence, denoting willfulness. The Court further notes that Defendants are playing "fast and loose" with the Court. See Aoude v. Mobil Oil Corp., 892 F.2d 1115, 1122 (1st Cir. 1989) ("Appellant chose to play fast and loose with Mobil and with the district court. He was caught out. The judge considered the relevant factors and acted well within his discretion: appellant's brazen conduct merited so extreme a sanction; Mobil, having undergone extra trouble and expense, had a legitimate claim to dismissal; and the court, jealous of its integrity and concerned about deterrence, was entitled to send a message, loud and clear."); Polansky v. CNA Ins. Co., 852 F.2d 626, 632 (1st Cir. 1988)

("In closing, we remind counsel that we do not view favorably any attempt 'to play fast and loose' with our judicial system."); see also Acadia v. Ford Motors Inc., 44 F.3d 1050, 1058 n.11 (1st Cir. 1995) (Court did "not appreciate such fast-and-loose use of [intentional citation of erroneous] case law."); Payless Wholesale Distribs., Inc. v. Alberto Culver (P.R.) Inc., 989 F.2d 570, 571 (1st Cir. 1993) (Although employed in the context of judicial estoppel this Court believes the following applicable: "It is a generally recognized proposition that one cannot play 'fast and loose with the courts.'"); United States v. Flores, 968 F.2d 1366, 1371 n. 5 (1st Cir. 1992) (Government "playing fast and loose" on appeal). The Court, therefore, grants Plaintiff fifteen (15) days to move for default and request a default hearing. Plaintiff advises that trial by jury will be waived.

                              DANIEL R. DOMINGUEZ
                              U.S. DISTRICT JUDGE

s/c: Counsel of record
N:\MINUTES\96-2499B.MEM